CASE 105—INDICTMENT—MAY 31.

## Pence v. Commonwealth.

APPEAL FROM BREATHITT CIRCUIT COURT.

FAILURE TO MARK INDICTMENT "FILED."—While it is essential to the validity of an indictment that it should be indorsed "a true bill," and that indorsement signed by the foreman, the clerk's indorsement of the filing of the indictment is not essential, and when it has been omitted, it may be supplied at a subsequent term, and even after the jury has been sworn and a witness examined.

SAMUEL H. PATRICK FOR APPELLANT.

1. The making of an order filing the indictment and the indorsement of filing by the clerk were essential to its validity. (Criminal Code, sec. 121.)

~ence v. Commonwealth.

.2. The failure of the clerk to make the order and·indorsement was a cler-
   ical misprision which could only be corrected by the court on motion
   upon reasonable notice.   (Civil Code, sec. 519.)
.3. An order or judgment *nunc pro tunc* can only be entered when it has
   previously been ordered by the court to be entered but omitted by the
   clerk; that was not the case here.   (12 Am. and Eng. Ency. of Law,
   p. 81.)

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

   The failure of the clerk to indorse the time of the reception and fil-
   ing of the indictment was a mere clerical misprision, which by anal-
   ogy in the practice of civil cases could be corrected on motion.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The two appellants, Henly Hays and William Pence,
were indicted and convicted for burning the storehouse
of Obediah Roberts, and have appealed to this court.
Much of the testimony upon which Hays was convicted
consisted of his own confessions, and as to Pence it is
plain that he was wearing upon his person shoes that had
been in this store, and in the endeavor to account for the
manner in which he obtained the possession, failed to
make it satisfactory to the jury, and in fact never
obtained them in the manner detailed by him.   He was
with Hays on the evening preceding the night of the
burning, and the jury knowing the parties and having
before them the witnesses, have said that he is guilty, and
of this we have but little doubt.

The only question necessary to be considered arises
from the motion made by the attorney for the Common-
wealth to have the clerk mark the indictment filed and
insert also the day on which it was returned into court.
It was discovered after the jury had been sworn, and a
witness being examined, that the clerk had failed to make
this indorsement when the indictment was presented by
the foreman of the grand jury.   The attorney for the

State then moved to have the indorsement made, it appearing the indictment had been returned into court with the other indictments at the term at which it had been found, but the clerk neglected to mark it filed. It is said that this was done without swearing the clerk or the Commonwealth's attorney, and, therefore, if proper then to make the indorsement, the testimony was not sufficient to authorize it. There was no objection made to the statement of the clerk, except as to his right to mark the indictment filed at a term other than the term at which the indictment was returned.

We perceive no objection to the action of the court below. It is not pretended that the grand jury had failed to return any indictment against these parties, and the indorsement filing it is to identify the term at which it was returned, and the omission of the clerk to do so is not such an irregularity as authorized the indictment to be quashed, or, as contended for by counsel, an acquittal of his clients.

When an indictment is found it must be indorsed a *true bill*, and that indorsement signed by the foreman, and without that indorsement it is not an indictment upon which the party charged can be tried; and while we perceive no such indorsement on the indictment in this case, we must presume it has been omitted in the copy made, as learned counsel raises no such question. The indorsement signed by the foreman is not only to enable the indictment to be identified, but it is the evidence of the fact that the indictment was concurred in by the grand jury, and must be held to be essential. While it is always proper to make an entry showing its presentation into court, and the filing by the clerk, the omission of the clerk to make such an entry does not affect the validity

of the indictment. When returned into court with the indorsement, a *true bill*, signed by the foreman, it is an accusation upon which the party can be tried, and the omission of the clerk to make such an entry may be supplied at a subsequent term, and certainly so in the absence of any proof showing that such an indictment was never returned. It is merely directory, that section of the Code, and is not essential to the validity of the accusation, and it may therefore be shown that the indictment was returned into court as required by the Code. (Criminal Code, section 121.)

Judgment affirmed.