James E. FINCH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Millard D. GRUBBS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 29, 1967.

Jack M. Lowery, Jr., Louisville, for appellants.

Robert Matthews, Atty. Gen., Darryl Owens, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

James E. Finch and Millard D. Grubbs were convicted under KRS 435.150 of arresting one H. A. Lewis "otherwise than according to law." Finch was given a one-year sentence and Grubbs received a five-year sentence. Both have appealed.

Two associates of Finch and Grubbs in an organization created by Grubbs called the National Law Enforcement Committee made a "citizen's arrest" of Lewis on a charge of false swearing. They took Lewis before a magistrate who held a hearing and then ordered Lewis released from custody on the ground that since the evidence produced at the hearing did not show that Lewis had knowingly and willfully sworn falsely, the evidence was not sufficient to justify holding Lewis for the grand jury. Indictments for false arrest then were brought against Finch, Grubbs, the two associates who had physically made the arrest, and another associate. The theory of the prosecution, fully proved and in fact not denied, was that the arrest was planned and carried out as a specific project of the "National Law Enforcement Committee" in which project all of the defendants participated. One of the defendants was permitted to plead guilty to an amended charge of assault and battery and was given a suspended sentence. The other four all were convicted but the two other than Finch and Grubbs were given suspended sentences and they have not appealed.

The statute authorizing a "citizen's arrest," KRS 431.005(2), provides that a private person may make an arrest when a felony has been committed in fact and he has reasonable grounds to believe that the person being arrested has committed it. The indictment in the instant case did not indicate in what respect the arrest did not comply with this statute or in what other way the arrest was illegal or false; it simply charged in the words of KRS 435.-150 that the arrest was "otherwise than according to law." The appellants moved that the indictment be quashed for failure to state the facts constituting the offense, and they moved in the alternative for a bill of particulars. The trial court overruled both motions, in which rulings the appellants claim error.

■ Prior to the adoption of the present Rules of Criminal Procedure the holding of this Court was that an indictment under KRS 435.150 was not sufficient, and was demurrable, if it merely alleged that the arrest was "otherwise than according to law," without specifying the circumstances and facts of the arrest. See Carroll v. Commonwealth, 164 Ky. 599, 175 S.W. 1043. Kimbler v. Commonwealth, Ky., 269 S.W. 2d 273; Lewis v. Commonwealth, Ky., 299 S.W.2d 635. However, the new rules have adopted the principle of notice pleading, RCr 6.10, and it now is considered sufficient if the indictment fairly informs the defendant of the nature of the crime with which he is charged, without detailing the "essential" factual elements. See Fitzgerald v. Commonwealth, Ky., 403 S.W.2d 21; Hines v. Commonwealth, Ky., 390 S.W. 2d 152; Runyan v. Commonwealth, Ky., 393 S.W.2d 877. So we think there was no error here in the overruling of the indictment. But we think it was error to overrule the motion for a bill of particulars.

■ The theory of the new rules of criminal procedure is that if the defendant needs information concerning the details of the charge against him to enable him to prepare his defense he should be supplied them through a requested bill of particulars, rather than that a requirement be made that every indictment set forth all details of the charge. As we shall show, we think the defendants in the instant case

reasonably needed a bill of particulars to enable them to prepare their defense and to protect them against the surprise of a multiple-theoried prosecution.

■ As the trial progressed it developed that the prosecution was proceeding on three different theories of an unlawful arrest, each resting on different evidence. One theory was that Lewis (the man who was arrested) did not in fact swear falsely. Another was that the arrest made by the defendants was not a citizen's arrest (without warrant) but was an attempted *official* arrest on an invalid warrant. The third theory was that even if the arrest technically was valid it was not made in good faith. See Begley v. Commonwealth, Ky., 60 S.W. 847, 22 Ky.Law Rep. 1546. We think the presentation of these varied theories, without notice or warning, put an unreasonable burden of defense upon the defendants and therefore the court committed prejudicial error in overruling the motion for a bill of particulars.

■ The appellants make another claim of error in which we find merit. The error consisted of a statement by the trial judge to the jury that the Court of Appeals had decided in the civil case in which Lewis was alleged to have made a false affidavit, that what was said in the affidavit was true, and that the decision was conclusive of the question of whether Lewis was guilty of false swearing. This statement amounted to a directed verdict of guilty against the defendants, because it told the jury that Lewis had not committed an offense, whereas one of the prerequisites of a citizen's arrest is that a felony actually have been committed. The statement was highly prejudicial and in our opinion it was wrong on several grounds, as we shall show.

Lewis was an employe of the Urban Renewal and Community Development Agency of Louisville. That agency had instituted a condemnation proceeding against one Dinwiddie, who was a friend of Grubbs. On behalf of Dinwiddie Grubbs caused a motion to be filed in the condemnation suit for dismissal of the suit on the ground of failure to have joined one Emerson, who was asserted to have an interest in the property as a sublessee. Lewis thereupon made and filed in the suit an affidavit that Emerson did not have any interest in the property. (This is the affidavit on which the false swearing charge was based.) The motion to dismiss was overruled and the suit went to judgment. On appeal to the Court of Appeals Dinwiddie asserted as one of his claims of error that Emerson had erroneously been adjudged not to be a necessary party. This Court, in its opinion on the appeal, Dinwiddie v. Urban Renewal and Community Development Agency, 393 S.W.2d 872 @ 875, said, "The evidence shows that he [Emerson] transferred such interest as he had in the lease to Phillips Petroleum Company * * *." This statement in the opinion is what the circuit court in the instant case said was a conclusive adjudication that Lewis had not sworn falsely.

There are at least two reasons why the circuit court's ruling was erroneous. First, for all that appears from the opinion of this Court on the Dinwiddie appeal, Emerson may have transferred his interest to Phillips Petroleum Company *after* Lewis made his affidavit. Second, part of the record which this Court relied upon as showing that Emerson had no interest may have been *the Lewis affidavit itself*. Additional reasons may be found in the fact that the defendants in the instant case were not parties to the Dinwiddie suit so as to supply the element of sameness of parties which is essential to res adjudicata, and the quantum of proof required in a civil case is different from that in a criminal prosecution.

It is true that the trial court permitted the defendants to introduce evidence in the latter stages of the trial tending to show that Emerson did have a leasehold interest in the Dinwiddie property and the Lewis affidavit was therefore false, but the court never withdrew its ruling that the Lewis affidavit

had been conclusively adjudged by this Court not to be false. Furthermore, the court permitted the evidence to be harpooned by erroneous statements by the prosecuting attorneys that a sublessee of real estate has no interest in the real estate.

 Further error was committed by the trial court in instructing the jury that a certain document exhibited to Lewis by the two defendants who physically arrested him was "not a valid arrest warrant." The evidence was that when the two defendants confronted Lewis they told him they were making a "citizen's arrest." (Of course this would be an arrest without a warrant, because that is the only kind of citizen's arrest there is.) Lewis asked them what was the charge, and they then handed him an affidavit stating the alleged offense of false swearing, which was attached to a paper entitled "National Law Enforcement Committee's Official Warrant of Arrest." Despite the fact that the defendants never at any time pretended or claimed that they were arresting upon the warrant, or represented to Lewis that they were arresting him upon the warrant, and despite the fact that Lewis did not testify that he attached any significance at all to the so-called warrant, the prosecuting attorneys insisted throughout the trial, by repeated comments to the jury and to the court, and in their final argument to the jury, that the defendants were guilty of false arrest solely and simply because they handed the so-called warrant to Lewis. In the context of the trial and the other instructions, the instruction that the warrant was not a valid arrest warrant was erroneous and highly prejudicial, because it in effect told the jury that the defendants could be found guilty simply because of their handing Lewis the paper, even though Lewis already had been told that he was under a "citizen's arrest" and the papers were handed to him only after he had asked the nature of the offense with which he was charged.

 We find merit also in another claim of error. A policeman was permitted, over objection, to testify that he had kept Grubbs' home (which was also the headquarters of the National Law Enforcement Committee) under surveillance for several days and had observed a known criminal enter and leave. This evidence had no possible relevance to the offense charged.

Other errors are asserted which we find it unnecessary to pass on and which therefore are reserved.

It appears that Grubbs, a disbarred lawyer, at the very least was misguided in his quest (as stated by him) to arrest and bring to trial "traitors who committed high crimes in high places;" that the arrest of Lewis was not conducive to or consistent with the orderly enforcement of law, nor made necessary or even desirable by any urgency; and that the defense tactics and antics of Grubbs at the trial were calculated to make it difficult to conduct a fair and impartial trial; nevertheless, our system of justice entitled him to a scrupulously fair trial.

The judgment is reversed with directions for a new trial.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY, OSBORNE and PALMORE, JJ., concur.