**Edward L. WHITWORTH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 21, 1969.

Edward L. Whitworth, pro se.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Chief Justice.

Edward L. Whitworth appeals from a judgment denying his motion made pursuant to RCr 11.42. The judgment sought to be vacated was based on his plea of guilty to two counts of uttering a forged instrument. KRS 434.130. He received two five-year sentences, one of which was suspended. No appeal was sought from that judgment. He complains now that the indictment was void and that his constitutional rights were violated because of ineffective aid of counsel. The latter argument is founded on the first since he says that the counsel should have advised him that the indictment was void.

■ According to the indictment, appellant was charged with uttering two forged checks, each drawn on the First National Lincoln Bank and bearing the forged signature of R. W. Everett, in different amounts. One check was uttered to Edward Wilson, the other to Arthur Davis. The indictment has been examined and has been found to comply with RCr 6.10. Finch v. Commonwealth, Ky., 419 S.W.2d 146. It is not void.

■ This conclusion is also the answer to the complaint of ineffective counsel. The counsel knew that the indictment was proper; hence, he could not honestly assert that it was void. Upon his plea of guilty, appellant confessed the allegations of the indictment. Boles v. Commonwealth, Ky., 406 S.W.2d 853.

What was said in Dorton v. Commonwealth, Ky., 433 S.W.2d 117, and in Thomas v. Commonwealth, Ky., 437 S.W.2d 512 (decided October 25, 1968), concerning inadequate or ineffective representation by counsel as the basis for vacating a judgment is applicable here.

Judgment affirmed.

All concur.