David **WILSON**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

Court of Appeals of Kentucky.

Sept. 19, 1969.

C. B. Upton, Williamsburg, Ky., for appellant.

John Breckinridge, Atty. Gen., William O. Gilbreath, Asst. Atty. Gen., Frankfort, Ky., for appellee.

CULLEN, Commissioner.

David Wilson was convicted of involuntary manslaughter, first degree, KRS 435.-022(1), and was sentenced to a one-year term in the penitentiary. He appeals from the judgment of conviction, claiming error in (1) the overruling of his motions attacking the sufficiency of the indictment, (2) the admission of irrelevant evidence, and (3) the making of improper and prejudicial statements by the Commonwealth's attorney and the trial judge in reference to certain evidence.

The victim was Marshall Taylor, whose death resulted from his being struck by Wilson's automobile while Taylor was riding along a two-lane public highway on a Honda motorcycle. The evidence for the Commonwealth was designed to prove that Wilson and one Howard Lawson had been racing side-by-side along the highway, with Wilson in the left lane and Lawson in the right lane, and that Wilson ran into Taylor who was approaching from the opposite direction. Wilson's testimony was that he was not racing and was in his right lane; Lawson undertook to pass him and cut in too soon, striking the front of Wilson's car and throwing it out of control; Wilson's car went off the road on the right, then spun around and went across the road to the left headed in the opposite direction, at which time it struck Taylor.

We shall consider first the contention that Wilson's motion to dismiss the indictment, and his later motion for a directed verdict because of insufficiency of the indictment, should have been sustained. The indictment was as follows:

> "On or about the 25 day of June, 1967, in McCreary County, Kentucky, · the above named defendants did cause the death of Marshall Taylor by their act or acts, creating such extreme risk of death or great bodily injury as to manifest a wanton indifference to the value of human life according to the standard of conduct of a reasonable person under the circumstances then and there existing— against the peace and dignity of the Commonwealth of Kentucky."

(The indictment was against both Wilson and Lawson, but separate trials were ordered.)

■ The indictment is substantially in the words of KRS 435.022(1) except for the addition of the date, the name of the county, and the name of the defendant. It will be observed that the indictment fails to state the *instrumentality* `by which the death was caused, and it is that omission which the appellant contends renders the indictment fatally deficient. It would have been much better for the indictment to state the instrumentality, as indicated in the official forms accompanying the Rules of Criminal Procedure, but in our opinion the omission to so state was not fatal.

Under the Rules of Criminal Procedure it is sufficient if the indictment fairly informs the defendant of the nature of the crime with which he is charged, without detailing the "essential factual elements." See Finch v. Commonwealth, Ky., 419 S. W.2d 146; Fitzgerald v. Commonwealth, Ky., 403 S.W.2d 21; Hines v. Commonwealth, Ky., 390 S.W.2d 152; Runyon v. Commonwealth, Ky., 393 S.W.2d 877. In RCr 6.12 it is stated that an indictment shall not be deemed invalid for any defect or imperfection which does not tend to prejudice the substantial rights of the defendant upon the merits.

The appellant does not suggest that he was not fully aware of what instrumentality the prosecution would undertake to show he used in causing the death, so he could not have been prejudiced by any lack of such information or by any misconception of just what he was being charged with. And as concerns the matter of jeopardy there existed no possibility of prejudice; if the instant prosecution had failed, the Commonwealth could not have charged Wilson with wantonly causing Taylor's death in McCreary County on June 25, 1967, by some instrumentality other than his automobile, because the instant indictment was broad enough to cover any and all instrumentalities that might have been used.

■ We shall consider next the claimed error in the admission of evidence. The appellant concedes that some of the evidence complained of probably was not prejudicial, so we shall confine our considerations to such as he maintains was prejudicial. Part of this evidence consisted of testimony of three witnesses, who resided a short distance from the scene of the fatal accident, that a few minutes before the accident Wilson and Lawson were racing their cars side by side on the main highway and up and down a side road. The other part consisted of testimony of two witnesses that from 20 minutes to one-half hour before the accident Wilson and Lawson were in their cars, stopped in the road side by side, a mile or so from the scene of the accident, and Wilson's brother was standing in the highway behind the cars. The appellant objected to the admission of this evidence but made no request, when his objections were overruled, for an admonition limiting the purpose for which the evidence could be considered.

The basis for the objections was that the actions of Wilson's and Lawson's automobiles covered by the testimony were too remote in time to be relevant. Cited as authority for this proposition are such cases as Stevens v. Potter, 209 Ky. 705, 273 S.W. 470, and Cornett v. Commonwealth, 282

Ky. 322, 138 S.W.2d 492. Admittedly, the ordinary rule is that evidence as to the manner of a person's driving at a point some distance in time or space from that of the accident is not admissible. However, an exception exists where the evidence is designed to show a pattern of reckless or wanton driving. See Tingle v. Foster, Ky., 399 S.W.2d 475, and Huff v. Daniels, Ky., 335 S.W.2d 332. In the instant case the evidence was designed to show that Wilson and Lawson had been engaged in a course of conduct of racing, including the use of a "flagman" (Wilson's brother) to judge the winner. We think the evidence properly was admissible as showing a pattern.

■ The final contention relates to comments by the Commonwealth's attorney and the trial court in reference to offers of evidence that Wilson and Lawson had been "drag racing" using a "flagman." Upon objection being made to the questions the Commonwealth's attorney said that he would introduce evidence to show that Wilson and Lawson had completed a "pass" to the east and "the next pass" was to be to the west (the direction in which the cars were going when the accident occurred). The court stated that the evidence as to the position of the cars at that time was competent "under the allegations contained in the indictment." The argument here with reference to the Commonwealth's attorney's statement is that there was no evidence of any previous "pass" to the east or that there was a "next pass" and the statement was calculated to create in the minds of the jury an impression of facts not supported by evidence. We think a reasonable *inference* of drag racing to the east and to the west could be drawn from the evidence that was introduced, so the statement was not improper.

The argument as to the trial court's comment is that the comment gave the jury the impression that the evidence of the position of the cars one-half hour prior to the time of the accident was acceptable as a basis for a finding that there was rac-

ing at the time of the accident. We think that the evidence was admissible to fill out the picture of the pattern of the actions of Wilson and Lawson prior to the accident and the court properly stated it to be admissible.

The judgment is affirmed.

All concur.