Richard Lee RUSSELL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 16, 1973.

Matthew B. Quinn, Jr., Louisville, for appellant.

Ed Hancock, Atty. Gen., Frankfort, for appellee.

REED, Justice.

The appellant, Richard Lee Russell, was indicted for rape of a female over twelve years of age (KRS 435.090). He entered a plea of not guilty and was tried by jury. The verdict was "guilty" and the punishment was fixed at imprisonment for life. From a judgment entered in accordance with the verdict, Russell appeals. He asserts that the indictment was fatally defective and that since the testimony of the prosecutrix did not demonstrate sufficiently definite identification of him as her assailant, he was entitled to a directed verdict of acquittal. Our review of his contentions convinces us that the indictment was legally sufficient, and the evidence of the prosecutrix concerning identification of the accused possessed sufficient probative value to warrant submission of the case to

the jury for its evaluation. We affirm the judgment.

On December 27, 1971, the prosecutrix, a fourteen-year-old girl, was attacked and raped by a man whom she identified at trial as being Richard Lee Russell, the defendant-appellant. She testified that she walked to Gottschalk Elementary School to meet a girlfriend. As she was going around the side of the school building to get to the front, the defendant came up behind her, placed his hand over her mouth and put a knife to her stomach. He made her follow him to the corner of the building where they stopped and he directed her to take off her clothes. At her request, the defendant put his knife down (in the ground by the wall of the building), and she started to undress. According to her testimony, she undressed too slowly because defendant grabbed her and jerked her pants down; she then attempted to run. The defendant then struck her several blows to her face and this dissuaded her from further attempts to escape. He then forcibly had intercourse with her. He achieved penetration.

The prosecutrix stated that Russell was wearing a blue and white Iroquois High School numbered jersey, blue jeans, and a tan jacket. Russell denied that he ever owned such a jersey. His alibi witness, an eighteen-year-old girl with whom he was living, testified that he did own such a jacket and was wearing it on December 27, 1971. Although the prosecutrix made a positive and unequivocal identification in court of Russell, she failed to mention in reply to a question on cross-examination concerning distinguishing facial characteristics that her assailant wore a mustache. Russell claimed that he had grown a mustache before the incident.

The medical evidence established that prosecutrix had experienced "traumatic sexual intercourse" on the occasion in question. There was a recent tear on her external genitalia as well as contusions on her face and a lump on her head.

■ The first claim of error that the indictment was fatally defective is completely without merit. Russell argues that the indictment was defective because it did not allege that the rape was committed by force without consent of the prosecutrix. The opinions cited in support of this argument all antedate the present rules of criminal procedure and are no longer authoritative. The opinions in Fitzgerald v. Commonwealth, Ky., 403 S.W.2d 21 (1966), and Finch v. Commonwealth, Ky., 419 S.W.2d 146 (1967), are dispositive. The indictment attacked is a verbatim copy of a form rape indictment used as an illustration of a sufficient indictment in Form 15 of our Criminal Rules of Procedure (RCr p. 52). It simply alleges in the body of the indictment that the defendant raped a specifically named female over twelve years of age. The indictment was sufficient to fairly inform Russell of the nature of the crime with which he was charged.

■ Russell's other claim of error that he was entitled to a directed verdict of acquittal is as untenable as the contention concerning the indictment which we have just discussed. Russell appears to make the novel contention, which is hardly ingenious, that the prosecutrix's in-court identification was insufficient because it was not corroborated by a prior line-up or show-up. We had supposed that the purpose of controls on line-ups or show-ups was to prevent impermissibly suggestive procedures that would taint in-court identification. We can hardly believe that the time has arrived when an accused defendant is constitutionally entitled to a controlled line-up procedure as a condition precedent to the reception of evidence by in-court identification untainted by any possibly suggestive prior contacts supervised by law enforcement authorities. Although Russell alludes to testimony by a

detective that he secured some high school annuals with pictures of students in them, the simple truth is that there was no evidence that the prosecutrix identified or was asked to identify her assailant at any time prior to her in-court identification. We hold without hesitation that these circumstances did not destroy the probative value of her testimony.

■ The prosecutrix failed to mention the presence of a mustache when Russell's counsel inquired of her on cross-examination concerning distinguishing facial characteristics. It would seem that this goes only to the weight to be accorded her testimony. It also requires evaluation of the credibility of Russell's statement that he wore a mustache on the occasion. These are jury functions.

■ When one considers that this alleged rape occurred in the early afternoon, outdoors, and the victim spent considerable time with her assailant and faced him intimately and directly, it is simply impossible for a court to declare her evidence of identification inherently incredible or improbable particularly where her description of the clothes worn by her assailant is squarely corroborated by his own alibi witness despite his denial of ownership or possession of such clothing. In the nature of the crime, there are rarely witnesses to rape, other than the victim. See, on the general problem involved, Neil, Warden v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (decided December 6, 1972). We hold the total evidence for the prosecution was sufficient to warrant submission of the case to the jury, and Russell was not entitled to a directed verdict of acquittal.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.