Jerry Lee HOWARD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

July 29, 1977.

Jack Emory Farley, Public Defender, Rodney McDaniel, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

Jerry Lee Howard appeals from a judgment of conviction entered by the Bullitt Circuit Court finding him guilty of first-degree sodomy, KRS 510.070, and sentencing him to 20 years' imprisonment. There being no purpose to be served in detailing the facts of the incident as the jury determined it to have occurred, we proceed to discuss the eight assignments of error which the appellant alleges merit reversal of his conviction.

■ The appellant's three initial allegations of error concern the indictment charging him with the offense and the Commonwealth's answer to his requested bill of particulars. He argues the indictment was defective in that its terms charged only the misdemeanor offense of fourth-degree sodomy, and thus it failed to give him notice that he was charged with committing a felony. He further argues the indictment and the Commonwealth's response to his requested bill of particulars failed to notify him of which of the three subsections of KRS 510.070, specifying the circumstances under which the offense can be committed, he was charged with violating, and so failed to protect him from being again placed in jeopardy for the same offense. As a corollary to these contentions, he also argues the instructions given the jury were erroneous because they concerned an offense not charged in the indictment. Because we are of the opinion the indictment herein was sufficient to give appellant notice of the offense with which he was charged, and feel the alleged error regarding the response to the requested bill of particulars has not been preserved for review, we find these arguments meritless. The indictment in question set out the offense charged as follows: "On or about the 10th day of May, 1976, in Bullitt County, Kentucky, the above named Defendant committed first-degree sodomy by engaging in deviate sexual intercourse with [the prosecuting witness], against the peace and dignity of the Commonwealth of Kentucky." In its heading, the indictment designated the number of the statute charged to have been violated, KRS 510.070, and indicated this to be a Class B felony. We thus cannot perceive how the indictment indicates the offense charged to be the misdemeanor offense of fourth-degree sodomy, as appellant alleges. Although we shall assume it would have been preferable for the indictment to have generally indicated the manner in which the offense was committed by designating the appropriate subsection of the statute, in our opinion this omission was not fatal.

■ Under our Rules of Criminal Procedure, which embrace the principle of notice pleading, an indictment is sufficient if it fairly informs the defendant of the nature of the crime with which he is charged, without detailing the "essential factual elements." *Finch v. Commonwealth*, Ky., 419 S.W.2d 146, 147 (1967). This the indictment does, and in view of the fact that the appellant's defense at trial was an absolute denial that he had committed the offense, we do not feel he could have been prejudiced by any lack of information or by any miscon-

ception of just what he was being charged with. We thus cannot find that the indictment was invalid, RCr 6.12; *Wilson v. Commonwealth*, Ky., 445 S.W.2d 446, 447 (1969); and there is therefore no need to address the alleged error regarding the first-degree sodomy instruction given the jury. As concerns the matter of the possibility of the defendant's being twice placed in jeopardy as a result of the failure of the indictment to specify which subsection of KRS 510.070 he was charged with violating, we observe there existing no possibility of such occurring, due to the imperfection in the indictment charged by the appellant. If the prosecution below had failed, the Commonwealth could not have then again proceeded against the appellant by a second indictment charging a specific violation of one of the subsections of the statute, because the instant indictment, charging as it did a violation of KRS 510.070 by "engaging in deviate sexual intercourse," was broad enough to cover all possible means of committing the offense. See *Wilson, supra,* 445 S.W.2d at 448.

■ In regard to the alleged failure of the Commonwealth's response to the requested bill of particulars to give the appellant notice of which subsection of KRS 510.-070 he had been charged with violating, our review of the record indicates the appellant raised no objection to the responses contained in the bill of particulars when they were filed, and that he proceeded to trial where he made no objection when the Commonwealth revealed its theory of the case was that the crime was committed by forcible compulsion. The alleged error was thus not preserved for our review.

By appellant's fourth and fifth assignments of error, he contends the trial court erred in failing to grant his motions for a continuance. The record discloses that appellant moved for a continuance prior to trial, citing as his reasons a lack of time for his court-appointed attorney to prepare a proper defense and his desire to seek out private counsel to represent him, but does not reflect a ruling by the court on this motion. On the day of the trial, counsel for the appellant again asked the court to continue the case, stating as his reasons, "It's just that some things are coming up and I had a short time to prepare the case and after I received the response (to the requested bill of particulars) Monday afternoon, I had only 24 hours to prepare." By separate arguments he now contends the trial court abused its discretion in denying him a continuance, arguing this ruling deprived him of his right to counsel of his own choice and deprived his court-appointed counsel of an opportunity to adequately prepare his defense.

■ In considering the question of abuse of discretion, it is necessary to examine and weigh the particular circumstances in each case. *Gibson v. Commonwealth,* Ky., 417 S.W.2d 237, 239 (1967). As concerns the allegation that the trial court's ruling deprived the appellant's court-appointed counsel of an opportunity to adequately prepare his defense, we observe that while Howard was charged with a serious crime, the central issue at trial was the rather narrow one of credibility. The prosecuting witness testified he was forcibly sodomized by the appellant. The appellant denied this, claiming he had ejected the prosecuting witness from his car after the prosecuting witness had made homosexual advances to him. The appellant's defense at trial was, in our opinion, well presented by his attorney, and we have not been shown either that the appellant's trial counsel could have done more had additional time been granted, or that a continuance would in some other way have been advantageous in the preparation of his defense. In the absence of such showing, it is manifest that the court did not err in overruling the motion for a continuance. In regard to the argument that the denial of a continuance deprived the appellant of his right to counsel of his own choice, as has been indicated, the trial court did not rule on the motion for a continuance in which this was listed as a supporting ground, and when a continuance was again requested before the commencement of the trial, no mention was made of the appellant's desire to retain

different counsel. Upon the denial of the motion for a continuance, no objection based on this ground was made by appellant. In the absence of this ground for a continuance being raised before the trial court at that time, we conclude the error not preserved for our review.

█ By appellant's sixth assignment of error he claims the trial court erred in overruling his motion for a directed verdict of acquittal, arguing the Commonwealth failed to prove the sodomy was committed by "forcible compulsion," in that there was no showing that the victim resisted the attack in any way. We disagree. "Forcible compulsion" is defined by KRS 510.010(2) as ". . . physical force that overcomes earnest resistance or a threat, express or implied, that overcomes earnest resistance by placing a person in fear of immediate death or physical injury to himself . . . ." In the commentary to this section, "earnest resistance" is said to require ". . . more than token initial resistance but less than a showing that the victim was physically incapable of additional struggle against his assailant. Where additional struggle would obviously be useless and dangerous, the failure to struggle should not absolve the accused." Here the prosecuting witness testified he was convinced that the appellant was armed with a pistol during the incident and that he had been threatened by the appellant that ". . . he was going to kill me if I didn't do what he told me to do." He further testified that in committing the offense, the appellant grabbed him by the throat and hit him in the back of the head. This testimony sufficiently proves the "forcible compulsion" element of the offense, and the motion for a directed verdict of acquittal was therefore properly denied.

█ Appellant next contends the prosecution made improper comments in cross-examining him which substantially prejudiced his right to a fair trial. The questioning complained of is as follows:

"106 You're used to testifying in Court?
A No.
107 You have never testified in court?
A One time, yes.
OBJECTION BY COUNSEL FOR DEFENDANT
OBJECTION SUSTAINED
108 Why don't you tell the truth and tell this jury that you took this boy out there and you committed sodomy on him?
A I said . . .
109 Is that the truth?
OBJECTION BY COUNSEL FOR DEFENDANT
OBJECTION OVERRULED
A No, it is not.
110 You know it is?
A It is not."

█ As is revealed by the above, the appellant objected to the prosecution's questioning regarding the appellant's being accustomed to testifying in court, which objection was sustained. No further relief, in the form of an admonition to the jury or a motion for a mistrial or a discharge of the jury, was requested, so we must assume the appellant was satisfied by the court's action. Under this state of the record, we are unwilling to hold the substantial rights of the appellant have been prejudiced by this question. RCr 9.24 and 9.26; *Taylor v. Commonwealth*, Ky., 386 S.W.2d 716 (1965). In regard to questions 108 and 109, to which the appellant objected but was overruled, it is our conclusion that this error does not require reversal of the conviction because, upon considering the whole case, we do not feel there is a substantial possibility that the result would have been any different without these questions. *Abernathy v. Commonwealth*, Ky., 439 S.W.2d 949, 952 (1969).

The appellant's final alleged error, regarding the instruction given the jury defining "deviate sexual intercourse" has not been preserved for review, either by the making of an objection or by the offering of an alternate instruction. It may not now be assigned as error. RCr 9.54(2).

The judgment is affirmed.

All concur.