Louis STEPHENSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 98–SC–000325–MR.

Supreme Court of Kentucky.

Dec. 17, 1998.

J. David Niehaus, Office of the Public Defender for Jefferson District Public Defender, Louisville, for Appellant.

A.B. Chandler III, Attorney General, Courtney A. Jones, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

GRAVES, Justice.

Appellant, Louis Stephenson, was convicted in the Jefferson Circuit Court on one count of first-degree facilitation of trafficking in a controlled substance and one count of first-degree trafficking in a controlled substance, for incidents which occurred on June 5, 1996 and June 25, 1996. By agreement, a twenty year sentence, enhanced pursuant to KRS 532.080(5), was imposed. Appellant appeals to this Court as a matter of right.

Appellant does not challenge the sufficiency of evidence supporting his convictions nor the propriety of rulings made on objections during trial. Rather, Appellant urges this Court to reverse the judgment and remand on the grounds that the proceedings were conducted pursuant to an invalid indictment. Appellant argues that in order for an indictment to be valid under Kentucky law, it must be signed by the foreperson of the grand jury in open court. *Terrell v. Commonwealth*, 194 Ky. 608, 240 S.W. 81 (1922). Appellant equates the lack of a foreperson's signature on an indictment to the lack of a judge's signature on an order. In the latter case, CR 58 clearly indicates that the order is invalid unless signed by a judge and entered by the clerk. *See also Allen v. Walter*, Ky., 534 S.W.2d 453 (1976).

In this case, there is no question that the foreperson of the grand jury failed to sign the indictment. Accordingly, Appellant con-

cludes that the absence of the foreperson's signature invalidates the indictment and precludes subject matter jurisdiction by the circuit court. Appellant asserts that in the absence of a signature, there is no indictment because it is the foreperson's signature that certifies to the court, the defendant, and the public, that the indictment is the product of the grand jury rather than that of the Commonwealth's Attorney's office.

Appellant acknowledges that RCr 6.06 provides:

All indictments shall be signed by the foreman of the grand jury. All informations shall be signed by an attorney for the commonwealth. **No objection to an indictment or information on the ground that it was not signed as herein required may be made after a plea to the merits has been filed or entered.** (emphasis added)

However, Appellant contends that the imputed waiver is invalid and unconstitutional. Appellant points out that the language in the first sentence of RCr 6.06 has been in Kentucky law since essentially 1854. Further, that in 1962, when the present language was adopted, the Committee comment to RCr 6.06 stated, "RCr 6.06 does not change the practice as to the signing of the indictment. The last sentence is a codification of the common law."

Appellant contends that the drafters of the Rule 6.06 intended to continue the principle that a signature is mandatory and that the absence of such renders the indictment invalid, and further that the drafters were "just plain wrong" as to the common law of waiver. Appellant posits that the imputed waiver rule is beyond the reasonable and legitimate needs of the people in this Commonwealth and therefore is a violation of Section 2 of the Kentucky Constitution. As Section 26 provides that any law, rule, or action contrary to the Constitution or Bill of Rights is void, Appellant argues that this Court is excused from its duty under RCr 1.02(2) to follow the language in the second sentence of RCr 6.06.

■ Under Kentucky's Rules of Criminal Procedure, an indictment is sufficient if it fairly informs the defendant of the nature of the crime with which he is charged. *Wylie v.*

*Commonwealth,* Ky., 556 S.W.2d 1 (1977); *Howard v. Commonwealth,* Ky., 554 S.W.2d 375 (1977); *Fulton v. Commonwealth,* Ky. App., 849 S.W.2d 553 (1992) Moreover, RCr 6.12 provides:

An indictment, information, complaint, or citation shall not be deemed invalid, nor shall the trial, judgment or other proceeding thereon be stayed, arrested or in any manner affected by reason of a defect or imperfection that does not tend to prejudice the substantial rights of the defendant on the merits.

■ In *Nicholas v. Thomas,* Ky., 382 S.W.2d 871 (1964), our predecessor court determined that the foreperson's signature is required only as a matter of direction to the clerk and for the information of the court. The court held that the presence or absence of the signature does not materially affect any substantial rights of the defendant and that it neither assures to him nor prevents him from receiving a fair trial. *Id.* at 872. we cannot identify, nor does Appellant assert, any prejudice he suffered as a result of the unsigned indictment. Appellant received notice of the charges against him and was able to prepare an adequate defense. Appellant has not alleged that he did not receive a fair trial as a result of the defective indictment. Therefore, we are of the opinion that as the indictment was endorsed by the clerk of the Jefferson Circuit Court, it is entitled to a presumption of validity.

■ Furthermore, we are not inclined to hold the second sentence of RCr 6.06 unconstitutional. The United States Supreme Court has acknowledged that state courts have the ability to regulate when and where an objection for preservation purposes should be made. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Further, this Court has held that for an alleged defect in an indictment to be considered on appeal, it must be preserved for review; thus, a defect will be deemed waived unless raised by a timely objection. *Stark v. Commonwealth,* Ky. 828 S.W.2d 603 (1991), *overruled on other grounds, Thomas v. Commonwealth,* Ky., 931 S.W.2d 446 (1996); *see also Johnson v. Commonwealth,* Ky.App.,

709 S.W.2d 838 (1986), *cert. denied,* 479 U.S. 865, 107 S.Ct. 222, 93 L.Ed.2d 150 (1986).

There is no violation of a fundamental right in mandating that objections to defects in an indictment be made before a plea is entered. The Rules of Criminal Procedure have a legitimate purpose in regulating the efficiency of the judicial process. Appellant was aware of the fact that the indictment was unsigned and chose not to raise any objection in the trial court where this clerical defect could have been remedied. Thus, we conclude that the waiver language of RCr 6.06 did not violate Appellant's rights to due process.

The judgment and conviction of the Jefferson Circuit Court are affirmed.

All concur.