John Wesley TOPPASS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2001–CA–001050–MR.

Court of Appeals of Kentucky.

June 28, 2002.

John Wesley Toppass, Burgin, pro se.

Albert B. Chandler III, Attorney General, Todd D. Ferguson, Assistant Attorney General, Frankfort, KY, for appellee.

Before: EMBERTON, HUDDLESTON and McANULTY, Judges.

## OPINION

HUDDLESTON, Judge.

■ In 1996, John Wesley Toppass was charged in an indictment with the murder of Betty Cunningham. By agreement with the Commonwealth, he entered an *Alford*[1] plea to a reduced charge of manslaughter in the first degree[2] and was sentenced to thirteen years' imprisonment.

On April 4, 2001, Toppass filed a Kentucky Rules of Civil Procedure (CR) 60.02[3] motion contending that since his indictment did not contain the language "A TRUE BILL," the indictment charging him with murder was defective and his conviction should be vacated. The circuit court denied his motion, and this appeal followed.

Citing Section 119 of the Criminal Code, which has been replaced by the Kentucky Penal Code,[4] the Kentucky Rules of Criminal Procedure (RCr)[5] and cases[6] decided under the old code, Toppass argues that the indictments against him are void because they do not contain the phrase "A TRUE BILL" above the foreperson's signature. Toppass has also submitted numerous newspaper articles in which indictments returned by grand juries are described as "true bills" or, where the grand jury refuses to indict, as "no true bills." In his reply brief, Toppass provides us with a copy of the "Kentucky Grand Juror Handbook,"[7] which states on page nine that an indictment is not valid unless it is marked "A TRUE BILL" and signed by the foreperson. Finally, Toppass correctly states that the official forms appended to the Kentucky Rules of Criminal Procedure contain the phrase "A TRUE BILL" above the space provided for the foreperson's signature.[8]

■ RCr 6.10, which sets forth the necessary requirements for a valid indictment, provides that:

(1) The indictment ... shall contain a caption setting forth the name of the court and the names of the parties, and the caption shall be a part of the indictment. ...

1. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). A defendant entering an *Alford* plea declines to acknowledge guilt, but admits that the Commonwealth can present strong evidence of guilt.

2. Ky.Rev.Stat. (KRS) 507.030

3. Ky. R. Civ. Proc. (CR) 60.02 allows the circuit court, upon motion, to relieve a party from its final judgment, order or proceeding on grounds, *inter alia,* of (a) mistake, (b) newly discovered evidence, (c) perjury, (d) fraud, (e) the judgment being void, or (f) any other reason of an extraordinary nature justifying relief. A motion asserting grounds (a), (b) or (c) must be made within one year following entry of judgment, while a motion

asserting any other ground must be made within a reasonable time.

4. KRS 500.010 *et seq.* (effective June 17, 1978).

5. Effective January 1, 1963.

6. Particularly, Toppass cites *Pence v. Commonwealth,* 95 Ky. 618, 26 S.W. 810 (1894).

7. This handbook was apparently issued by the Unified Prosecutorial System Office of the Commonwealth's Attorney. Toppass fails to state where he received this handbook, which county uses it or the date when it was issued.

8. *See* Ky. R.Crim. Proc. (RCr) Forms 15 and 16.

(2) The indictment ... shall contain, and shall be sufficient if it contains, a plain, concise and definite statement of the essential facts constituting the specific offense with which the defendant is charged. It need not contain any other matter not necessary to such statement, nor need it negative any exception, excuse or proviso contained in any statute creating or defining the offense charged.

(3) Allegations made in one count may be incorporated by a reference in another count. It may be alleged in any count that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. The indictment ... shall state for each count the official or customary citation of any applicable statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated; but error in the citation or its omission shall not be ground for dismissal of the indictment ... or for reversal of a conviction if the error or omission did not mislead the defendant to his or her prejudice.

(4) The date on which it was returned in open court shall be endorsed on the indictment by the clerk.

RCr 6.06 provides additional guidance:

All indictments shall be signed by the foreperson of the grand jury. * * * No objection to an indictment ... on the ground that it was not signed as herein required may be made after a plea to the merits has been filed or entered.

No requirement exists that the indictment contain the phrase "A TRUE BILL" along with the foreperson's signature.

Although RCr 6.06 requires that an indictment be signed by the grand jury foreperson, Kentucky's highest court held in *Nicholas v. Thomas*[9] that:

[I]n order to obviate further litigation we have considered the merits and are of the opinion that the signing of an indictment, formerly required by statute (Criminal Code of Practice, § 119) and now by rule of court (RCr 6.06), is not a matter of constitutional right, state or federal.

RCr 6.06 provides specifically as follows:

"No objection to an indictment ... on the ground that it was not signed as herein required may be made after a plea to the merits has been filed or entered."

As we view it, the foreman's signature is a procedural safeguard rather than a substantive requisite of an indictment. The indictment is an accusation made in behalf of the people. It is formed by the concurrence of nine or more grand jurors (Const. § 248) in proper session and is completed by a return or delivery to the court. Without these it cannot be an indictment, but with them, if it charges the defendant with a crime over which the circuit court has jurisdiction, it is.

"We are of the opinion that the signature of the foreman of the grand jury is required only as a matter of direction to the clerk and for the information of the court; that its presence or absence does not materially affect any substantial right of the defendant; and that it neither assures to him nor prevents him from having a fair trial."[10]

9. Ky., 382 S.W.2d 871 (1964). *See also Stephenson v. Commonwealth,* Ky., 982 S.W.2d 200 (1998).

10. *Id.* at 872 (citation omitted).

*Nicholas* and *Stephenson*[11] both dealt with a situation where the grand jury foreperson failed to sign the indictment. In the case before the Court, the foreperson signed the indictment but the phrase "A TRUE BILL" was absent. As has been noted, Section 119 of the Criminal Code of Practice was repealed and replaced by the Kentucky Rules of Criminal Procedure nearly forty years ago. However, under the holdings of *Nicholas* and *Stephenson*, any error in the omission of the phrase "A TRUE BILL" is harmless and must be disregarded.[12] Toppass does not argue that the omission prejudiced him in any way nor does he argue that because of the omission he received inadequate notice of the charge against him or was unable to prepare an adequate defense.

Although we have addressed Toppass's argument at length to dispel any misperception regarding the formal requirements for a valid indictment, his CR 60.02 motion was properly denied for another reason. By pleading guilty, Toppass waived all defenses other than that the indictment charges no offense.[13] Thus, he cannot at this late date raise an issue regarding an alleged defect in the indictment.

The order denying Toppass's CR 60.02 motion is affirmed.

ALL CONCUR.

---

**11.** *Supra*, n. 9.

**12.** *See* RCr 9.24.

**13.** *Quarles v. Commonwealth*, Ky., 456 S.W.2d 693, 694 (1970); *Sparks v. Common-wealth*, Ky.App., 721 S.W.2d 726, 727 (1986); *Sanders v. Commonwealth*, Ky.App., 663 S.W.2d 216, 218 (1984).