RENDERED: JANUARY 17, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

## NO. 2023-CA-1443-MR

BILLY BENNETT                                                                APPELLANT

v.
APPEAL FROM RUSSELL CIRCUIT COURT
HONORABLE SARA B. GREGORY, JUDGE
ACTION NO. 17-CR-00187

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND A. JONES, JUDGES.

ECKERLE, JUDGE: Appellant, Billy Bennett, *pro se* ("Bennett"), seeks review of an order of the Russell Circuit Court denying his motion to vacate his conviction and sentence pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42. Bennett contends that his guilty plea was tainted by ineffective assistance of counsel. We agree with the Trial Court that Bennett presented no evidence of deficient performance or prejudice sufficient to warrant setting aside his guilty plea. Hence, we affirm.

On November 28, 2017, a Russell County Grand Jury returned an indictment charging Bennett with multiple counts of Rape in the First Degree, Sodomy in the First Degree, and Incest regarding sexual abuse perpetrated against his two minor step-daughters between 2004 and 2017. Following his arrest, Bennett made statements to the police admitting to the crimes.

On January 29, 2019, Bennett accepted a plea offer to many reduced charges with a sentence recommendation of a total of 30 years to serve. Approximately six months later, on July 15, 2019, the Trial Court entered a judgment imposing the recommended sentence.

More than three years later, on April 25, 2022, Bennett filed a motion *pro se* to alter, amend, or vacate his sentence. In his motion, Bennett alleged that: (1) he had received inadequate notice of the charges; (2) counsel had failed to investigate and obtain discovery material; and (3) counsel had failed to prepare and develop a trial strategy. The Trial Court held an evidentiary hearing at which Bennett and his trial counsel testified.

More than 18 months after Bennett filed his *pro se* motion, on November 13, 2023, the Trial Court issued an order of denial. With regard to the first claim, the Trial Court found that the indictment was valid on its face; Bennett had the opportunity to seek a more specific bill of particulars from the Commonwealth requesting detailed allegations against him; and he failed to do so.

-2-

On the second and third claims, the Trial Court found no evidence that trial counsel's performance was deficient or that it affected Bennett's decision to plead guilty. Bennett now appeals from this order. Additional facts will be set forth below as necessary.

To prevail on an ineffective assistance of counsel claim, a movant must show that his counsel's performance was deficient and that, but for the deficiency, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). The standard for assessing counsel's performance is whether the alleged acts or omissions were outside the wide range of prevailing, professional norms based on an objective standard of reasonableness. *Id.* at 688-89, 104 S. Ct. at 2065. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance. *Id.* The defendant bears the burden of identifying specific acts or omissions alleged to constitute deficient performance. *Id.* at 690, 104 S. Ct. at 2066.

In the context of a guilty plea, the Trial Court must consider the totality of the circumstances surrounding the guilty plea, evaluating whether errors by trial counsel significantly influenced the defendant's decision to plead guilty such that the Trial Court should have a reason to doubt the voluntariness and validity of the plea. *Commonwealth v. Rank*, 494 S.W.3d 476, 481 (Ky. 2016).

*See also Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012), and

*Commonwealth v. Elza*, 284 S.W.3d 118, 120-21 (Ky. 2009).  When an evidentiary

hearing is held, RCr 11.42(6) requires the Trial Court to make findings on the

material issues of fact, which we review under a clearly erroneous standard.

Kentucky Rules of Civil Procedure ("CR") 52.01.

Bennett first argues that his trial counsel failed to protect his rights

adequately by neglecting to object to the sufficiency of the charges set forth in the

indictment.  But as the Trial Court noted, an indictment is sufficient if it fairly

informs the defendant of the nature of the crimes with which he is charged, without

detailing the factual elements.  *Howard v. Commonwealth*, 554 S W 2d 375, 377

(Ky. 1977); *see also* RCr 6.10 and RCr 6.12.  The indictment in this case set out

the nature of the charges, the approximate dates the offenses occurred, and the

victims involved.  We agree with the Trial Court that the indictment was sufficient

on its face.

Additionally, a defect in an indictment is deemed waived unless raised

by a timely objection.  *Stark v. Commonwealth*, 828 S.W.2d 603, 605 (Ky. 1991),

*overruled on other grounds by Thomas v. Commonwealth*, 931 S.W.2d 446 (Ky.

1996).  Bennett's trial counsel testified that she considered filing a request for a

more specific bill of particulars and discussed that option with Bennett.  However,

she decided that such a motion was unnecessary because the discovery and the

statements provided by the victims were specific in the time frames and acts alleged. Based upon this uncontroverted evidence, we agree with the Trial Court that Bennett failed to establish that his guilty plea was influenced by trial counsel's failure to challenge the indictment or bill of particulars.

Bennett next argues that he did not knowingly and voluntarily make his guilty plea because his trial counsel failed to investigate sufficiently and obtain readily available discovery material. This argument essentially encompasses the second and third grounds that he had raised to the Trial Court.

It is well-established law that trial counsel must undertake a reasonable investigation into facts and law that support a client's defense. *Wiggins v. Smith*, 539 U.S. 510, 521-22, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003). However, "[a] reasonable investigation is not an investigation that the best criminal defense lawyer in the world, blessed not only with unlimited time and resources, but also with the benefit of hindsight, would conduct." *Haight v. Commonwealth*, 41 S.W.3d 436, 446 (Ky. 2001), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009). The focus of the inquiry must be on whether trial counsel's decision to refrain from pursuing evidence or defenses was objectively reasonable under all the circumstances. *Wiggins*, 539 U.S. at 523, 123 S. Ct. at 2536. In other words, the question is "whether the known evidence would lead a reasonable attorney to investigate further." *Id.* at 527, 123 S. Ct. at 2538.

Bennett focuses on his trial counsel's declination to request a more specific bill of particulars, which we have already found to be neither deficient nor prejudicial. Bennett also contends that his trial counsel failed to conduct an adequate investigation into the factual allegations against him.

"A guilty plea is involuntary if the defendant lacked full awareness of the direct consequences of the plea or relied on a misrepresentation by the Commonwealth or the trial court." *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006). *See also Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). A defendant's statements and sworn testimony during a plea colloquy play a role in determining, based upon the record, whether his plea was knowing and voluntary. *See Elza*, 284 S.W.3d at 122 (utilizing a defendant's "statements and demeanor" at the plea colloquy as evidence against allegations of coercion and deficient performance). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Edmonds*, 189 S.W.3d at 569, (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (Ky. 1977)). Mere conclusory allegations, unsupported by specifics, are insufficient to overcome the presumption of a valid guilty plea. *Blackledge*, *supra* at 74, 97 S. Ct. at 1629.

Here, during his guilty plea colloquy, Bennett advised the Trial Court under oath that he was satisfied with his counsel's representation. During the

evidentiary hearing on the 11.42 motion, the Trial Court found that Bennett's claims to the contrary were belied by both his own testimony and the testimony of his trial counsel. Both testified that they had reviewed the witness statements and Bennett's statement to police. In addition, both testified that they had discussed possible trial strategies and defenses. In addition, trial counsel testified that Bennett wanted to avoid a trial due to the nature of the allegations against him, his recorded confession, the limited defenses available, and the length of the sentence he faced. Indeed, Bennett admitted at the evidentiary hearing that he had entered a guilty plea based on his perception of the likely outcome of a jury trial.

As the Trial Court noted, Bennett was facing a potential 70-year sentence on a multitude of charges stemming from his admitted, continued, depraved criminality upon children. Bennett does not challenge the sufficiency of the Trial Court's factual findings concerning his counsel's representation. Under the circumstances, we agree with the Trial Court that Bennett failed to establish either that his trial counsel provided deficient representation or that he would not have otherwise accepted the guilty plea.

Accordingly, we affirm the order of the Russell Circuit Court denying Bennett's RCr 11.42 motion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Billy Bennett, *pro se*
Beattyville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky