Shirley R. **BASHAM**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

Court of Appeals of Kentucky.

Oct. 11, 1985.

Rehearing Denied Jan. 31, 1986.

William B. Vest, Hendersonville, W. Currie Milliken, Milliken & Milliken, Bowling Green, for appellant.

David L. Armstrong, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, REYNOLDS and WHITE, JJ.

COMBS, Judge.

This is an appeal from an order of the Hardin Circuit Court, convicting appellant

of two counts of trafficking in food stamps and of being a second-degree persistent felony offender. Appellant submits his conviction should be reversed because the trial court improperly allowed the prosecution to amend the indictments against him. The only issue on appeal is whether the trial court erred in permitting the indictments to be amended.

In February of 1984, appellant was charged with violating KRS 194.505(3) which provides:

No person shall, with intent to defraud, knowingly use, attempt to use, acquire, transfer, forge, alter, traffic, counterfeit or possess a food stamp, food stamp identification card or medical identification card in any manner not authorized by law.

The indictments against the appellant stated, in pertinent part:

That ... the above-named defendant, Shirley Ray Basham, trafficked in food stamps, when he knowingly received and purchased illegally ... books of food stamps from Dorothy Buchanan....

At the close of the Commonwealth's case in chief, appellant moved for a directed verdict of acquittal because the indictments against him failed to allege that he trafficked in food stamps "with intent to defraud." The trial court overruled the motion and permitted the Commonwealth to amend the indictments. Appellant was convicted of two counts of trafficking in food stamps and sentenced to a total of ten years' imprisonment.

Appellant contends the trial court erred in amending the indictments under RCr 6.16. RCr 6.16 allows the amendment of an indictment "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Appellant argues that the amended indictments charged him with additional or different offenses because the indictments technically did not charge criminal offenses prior to the amendments.

Although it was later reversed on other grounds, *Roaden v. Commonwealth*, Ky., 473 S.W.2d 814 (1971), rev'd on other grounds, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973), is analogous to the case before us. *Roaden* involved an indictment charging obscenity in which the element of scienter was omitted. The Kentucky Supreme Court held that amending the indictment to include scienter did not affect any of the defendant's substantial rights, as follows:

The indictment alleged in part that the defendant "did unlawfully and willfully publish and exhibit, ... an obscene motion picture ...". The indictment noted KRS 436.101 as its statutory basis. The statute itself requires that the element of scienter be shown. The instructions also required a finding of scienter as a predicate for conviction. The indictment, as drawn, was sufficient to furnish adequate notice of the offense charged. It met the requirements of RCr 6.10. The trial court properly permitted the Commonwealth to amend the indictment to include scienter, as prescribed by RCr 6.16, since no additional offense was charged and no substantial right of the accused was prejudiced. Citations omitted. *Roaden*, at 817.

Like the indictment in *Roaden*, the indictments against appellant clearly described the specific offenses and noted their statutory bases. In our opinion, the indictments were more than sufficient to give the appellant notice of the charges against him. We detect no prejudice to appellant's rights and conclude that the trial court did not err in allowing the Commonwealth to amend the indictments against the appellant.

The order of the Hardin Circuit Court is affirmed.

All concur.