**A.E., a Child, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

No. 92–CA–1349–DG.

Court of Appeals of Kentucky.

July 23, 1993.

As Modified Sept. 3, 1993.

Thomas Louis Conn, Lexington, for appellant.

Chris Gorman, Atty. Gen., James J. Capillo, Norrie Wake, Asst. Attys. Gen., Lexington, for appellee.

Before DYCHE, McDONALD and WILHOIT, JJ.

McDONALD, Judge.

This case is before us on discretionary review from the Fayette Circuit Court. The appellant was adjudicated in the juvenile division of the Fayette District Court of three counts of second-degree burglary, two counts of first-degree criminal mischief, and one count of second-degree criminal mischief.

After the commencement of the trial, the court allowed the Commonwealth to amend one charge of third-degree burglary (KRS 511.040) to second-degree burglary (KRS 511.030), and one charge of second-degree criminal mischief (KRS 512.030) to first-degree criminal mischief (KRS 512.020).

The sole issue on review is whether it constituted error for the court to permit the amendment of two of the charges against the appellant to higher degrees of the criminal offense.

It is the appellant's position that he was subjected to double jeopardy in violation of both the United States and Kentucky Constitutions when the court permitted the amendment of two charges to more serious degrees

of the same offense subsequent to the swearing in and testifying of the first witness.

■ In juvenile cases, the initiating document is known as a complaint. The requirements for the complaint against a juvenile are set forth in KRS 610.020. A court-designated worker following the procedures set forth in KRS 610.030 completes the preliminary inquiries and, if warranted, refers the matter to court. At that time the "complaint" becomes a "petition" which provides a verified statement setting forth the allegations in regard to the child. The "petition" initiates formal court involvement in the child's case. The above-described procedure is what occurred in the present case.

■ Three petitions were filed against the appellant. The body of petition 195291 read as follows:

 ... the above named [the appellant] on stated date [10–7–91] at 2030 Rainbow Rd at 9:00 a.m. did unlawfully enter the residence of Bernard Benginski and removed a V.C.R. and jewelry and also vandalized the house....

The body of petition 195293 stated:

 ... the above named [the appellant] on stated date [10–7–91] at 11:30 am at 3423 Thistleton did unlawfully enter the residence of Marianna Moore and removed a diamond engagement ring and the house was vandalized....

The body of petition 195289 stated as follows:

 ... the above named [the appellant] on stated date [10–7–91] at 9:10 am at 2034 Rainbow did unlawfully enter the residence of Mary Anne Isaacs and remove a V.C.R. and change and vandalized the house estimated repairs over $1,000.

Each of the petitions stated specifically and with particularity the conduct the appellant allegedly engaged in and the factual allegations constituting the offenses. We note that each petition cited the statutory reference of KRS 511.030 as to the burglary offense. KRS 511.030 sets forth the offense of burglary in the second degree. However, one petition (# 195293) stated: "Burglary III ... *in violation of KRS 511.030....*" Thus, the notation of "Burglary III" was incorrect as it is not the degree of burglary set forth in

KRS 511.030. However, the citation of KRS 511.030 was present on the original petition and that statute provides:

 511.030. Burglary in the second degree.—(1) A person is guilty of burglary in the second degree when, with the intent to commit a crime, the [sic] knowingly enters or remains unlawfully in a dwelling.

Given the body of the complaint, which clearly states that the appellant unlawfully entered a "residence" and clearly sets forth allegations constituting the offense of burglary in the second degree, it is obvious the citation to KRS 511.030 was the proper charge. The notation on the petition of "Burglary III" in no way caused the complaint/petition to be defective. *See* RCr 6.10; RCr 6.12 and RCr 6.14. Allowing the notation to be amended to charge Burglary II was not error. The amendment in this instance was not tantamount to an additional or different offense, and it certainly did not mislead the appellant or cause him to suffer any prejudice. The appellant was without doubt aware that the petition charged him with entering a dwelling in violation of the law.

■ The court permitted another petition to be amended as well. This petition, in addition to a charge of Burglary II, contained a notation as to "Criminal Mischief II" and cited the statutory number for that offense. After testimony that the home had sustained damage in excess of $5,400 when it was unlawfully entered and vandalized, the court permitted the petition to be amended to raise the degree of criminal mischief from second degree to first degree.

KRS 512.020 provides:

 512.020. **Criminal mischief in the first degree.**—(1) A person is guilty of criminal mischief in the first degree when, having no right to do so or any reasonable ground to believe that he has such right, he intentionally or wantonly defaces, destroys or damages any property causing pecuniary loss of $1,000 or more.

KRS 512.030 provides:

 512.030. **Criminal mischief in the second degree.**—(1) A person is guilty of

criminal mischief in the second degree when, having no right to do so or any reasonable ground to believe that he has such right, he intentionally or wantonly defaces, destroys or damages any property causing pecuniary loss of $500 or more.

The offense of criminal mischief involves defacement, destruction or damage to the real or personal property of another without the right to do so. The degree or classification of the offense is linked to the amount of pecuniary loss incurred by the owner of the property. The elements of criminal mischief in the first and second degrees are the same except for the amount of dollar damage that results. Testimony at trial revealed that the damage allegedly caused by the appellant to the home of Bernard Benginski as set forth in the petition exceeded $1,000. Thus, the appropriate degree of criminal mischief to charge in this instance was first degree.

RCr 6.16 provides:

**Rule 6.16. Amendment.**—The court may permit an indictment, information, complaint or citation to be amended any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced. If justice requires, however, the court shall grant the defendant a continuance when such an amendment is permitted.

■ An indictment or information shall contain and shall be sufficient if it contains a plain concise and definite statement of the essential facts constituting the offense. The indictment need only give the defendant fair notice of the offense charged. *See* RCr 6.10. The indictment must contain enough detail so that the accused could show the conviction on such indictment as a bar to a later prosecution for the same offense. The specificity of an indictment must be sufficient enough to protect the defendant from being punished twice for the same crime. *Jones v. Commonwealth*, 305 Ky. 264, 203 S.W.2d 72 (1947); *Finch v. Commonwealth*, Ky., 419 S.W.2d 146 (1967); *Ross v. Commonwealth*, Ky., 384 S.W.2d 324 (1964); Kentucky Constitution § 13. If a defendant is unsure of the particulars of the offense charged, he should ask for a bill of particulars. *See*

*Finch, supra;* RCr 6.22 and *Brown v. Commonwealth*, Ky., 378 S.W.2d 608 (1964); Kentucky Constitution § 11 and Murrell, *Kentucky Criminal Practice* § 15.05–15.07 (1975).

Omission of the citation of the statute defining the offense has been held to be harmless if the defendant is not misled. *Godby v. Commonwealth*, Ky., 491 S.W.2d 647 (1973). The defendant in the present case does not maintain that he was misled in any way or that he did not understand what he was accused of having done. The petition clearly related allegations constituting the offense of criminal mischief. As in *Godby*, we believe this is an appropriate case for application of the rule stated in RCr 6.12, that an indictment shall not be deemed invalid for any defect or imperfection which does not tend to prejudice the substantial rights of the defendant on the merits. This was a bench-trial proceeding in the juvenile branch of the court system. The defendant could easily have requested a continuance if he felt that the amendment in any way affected his ability to defend himself against the offense charged. There is no indication that such was requested or denied.

■ Additionally, in our opinion it is not insignificant that this was a juvenile proceeding. Under the Unified Juvenile Code there are no distinctions made between felonies, misdemeanors, or violations for the purposes of providing options to the court for disposition. *See* KRS 635.060. Furthermore, KRS 635.040 provides that no adjudication in juvenile court shall be deemed a conviction nor shall the adjudication operate to impose any of the civil disabilities ordinarily resulting from a criminal conviction, nor shall the child be found "guilty" or deemed a "criminal" by reason of such adjudication. In disposing of the appellant's case, the court ordered that he be placed on phase II probation and pay restitution. No fine was imposed.

We conclude that the court's action was not a violation of the rules or the case law, and that it certainly did not serve to deny the appellant the rights he is afforded under the Kentucky and United States Constitutions. The appellant's argument regarding the theory and concept of double jeopardy is, in our

opinion, misplaced. The legal issue involved in the present case is resolved through appropriate application of the rules and case law of this jurisdiction. RCr 6.12; RCr 6.16; *Basham v. Commonwealth,* Ky.App., 703 S.W.2d 480 (1986), and *Godby, supra.* The amendment of the offenses charged in the petition to different degrees of the offense to conform to the factual allegations and the evidence was proper.

The opinion and order of the Fayette Circuit Court is affirmed.

DYCHE, J., concurs.

WILHOIT, J., concurs in result.