**James PHELPS, Appellant,**

v.

**COMMONWEALTH OF KENTUCKY, Appellee.**

**No. 2001–SC–0554–DG.**

Supreme Court of Kentucky.

Jan. 22, 2004.

Timothy G. Arnold, Asst. Public Advocate, Frankfort, for appellant.

Gregory D. Stumbo, Atty. Gen., Todd D. Ferguson, Asst. Atty. Gen., Frankfort, for appellee.

Opinion of the Court by Justice STUMBO.

We accepted discretionary review of this case in order to resolve whether juvenile court "adjudications" could properly be deemed "convictions" for the purpose of enhancing such criminal charges as unauthorized use of a motor vehicle (KRS 514.100), carrying a concealed deadly weapon (KRS 527.020), and possession of a firearm by a convicted felon (KRS 527.040). Because the plain language of KRS 635.040 of the Kentucky Unified Juvenile Code (hereinafter referred to as "Juvenile Code") clearly states that such adjudications are not to be deemed convictions, we reverse the judgment of conviction of the Madison Circuit Court and remand this case to the Madison District Court.

Appellant, a juvenile at the time of his indictment, entered a conditional guilty plea in Madison Circuit Court to receiving stolen property over $300 and carrying a concealed deadly weapon, second offense. In exchange, the Commonwealth agreed to dismiss the charges of unauthorized use of a motor vehicle, second offense, and possession of a firearm by a convicted felon. Appellant was sentenced to five years imprisonment. He specifically reserved the right to appeal the circuit court's denial of his motion to dismiss the indictment due to certain counts being enhanced based on his prior juvenile offenses. A divided panel of the Court of Appeals affirmed the Madison Circuit Court's decision to uphold the in-

dictment and rejected Appellant's argument that KRS 635.040 precluded any reliance on his prior juvenile offenses as the basis for enhancing the counts in the current indictment.

At the time of Appellant's indictment, the Madison Juvenile Court had previously adjudged Appellant guilty in 1997 of the unauthorized use of a motor vehicle and the felony offense of first-degree robbery. After being transferred to Madison Circuit Court to be tried as a youthful offender pursuant to KRS 635.020(3), the grand jury returned the following indictment against Appellant:

**COUNT ONE–A:**

On or about the 23rd day of October, 1998, in Madison County, Kentucky the named defendant committed the offense of Receiving Stolen Property by unlawfully possessing a 1992 Chevrolet Beretta automobile worth more than $300.00 which had been stolen from Amber Brooke Neff;

OR IN THE ALTERNATIVE

**COUNT ONE–B:**

On or about the 23rd day of October, 1998, in Madison County, Kentucky the named defendant committed the offense of Unauthorized Use of a Motor Vehicle, Second Offense—Felony by unlawfully operating an automobile owned by Amber Brooke Neff, after having been previously convicted of Unauthorized Use of a Motor Vehicle by Judgment of the Madison Juvenile Court on March 17, 1997, in case number 96–J–0003–5;

**COUNT TWO:**

On or about the 23rd day of October, 1998, in Madison County, Kentucky the named defendant committed the offense of Carrying a Concealed Deadly Weapon—Felony, by unlawfully concealing a loaded Jennings .380 semi-automatic pistol in his left rear pocket after having been previously convicted of a felony in which a deadly weapon was possessed, used, and/or displayed in case 96–J–0003–7 as set forth in Judgment of the Madison Juvenile Court entered on June 23, 1997;

**COUNT THREE:**

On or about the 23rd day of October, 1998, in Madison County, Kentucky the named defendant committed the offense of Felon in Possession of a Handgun by unlawfully possessing a Jennings .380 semi-automatic pistol after having been previously convicted of the felony offense of First Degree Robbery by Judgment of the Madison Juvenile Court entered on June 23, 1997, in case number 96–J–0003–7.

■ As we are being asked to interpret the meaning and effect of certain provisions of the Juvenile Code, we review the circuit court's refusal to dismiss Appellant's indictment *de novo*. *J.D.K. v. Commonwealth*, Ky.App., 54 S.W.3d 174, 175 (2001). "It is our duty to construe the statute 'so as to effectuate the plain meaning and unambiguous intent expressed in the law.'" *Id.* (quoting *Bob Hook Chevrolet Isuzu v. Commonwealth of Kentucky, Transportation Cabinet*, Ky., 983 S.W.2d 488, 492 (1998)).

KRS 635.040 states:

No adjudication by a juvenile session of District Court shall be deemed a conviction, nor shall such adjudication operate to impose any of the civil disabilities ordinarily resulting from a criminal conviction, nor shall any child be found guilty or be deemed a criminal by reason of such adjudication.

Likewise, our case law has consistently held that a juvenile adjudication is not tantamount to a criminal conviction, but rather, it is an adjudication of a status. *Manns v. Commonwealth*, Ky., 80 S.W.3d

439, 445 (2002); *Coleman v. Staples*, Ky., 446 S.W.2d 557, 560 (1969).

The Commonwealth argues and the courts below agreed, that it would be absurd to interpret KRS 635.040 as applying to a situation such as in the case at bar because the effect would be to preclude juveniles from being charged with certain felony offenses that require a prior "conviction," such as possession of a firearm by a convicted felon and many of the drug offenses contained in KRS Chapter 218A. The Commonwealth argues that the legislature did not intend that juveniles be excluded from the purview of such offenses and that this Court should construe KRS 635.040 as pertaining primarily to the protection of juveniles' civil rights as they relate to certain privacy issues concerning applications for employment, the military, and the like.

█ Clearly, KRS 635.040 does intend to protect juveniles against such civil disabilities. However, we cannot ignore the plain language of the first sentence of the statute that states unambiguously "[n]o adjudication by a juvenile session of District Court shall be deemed a conviction." In addition, KRS 514.100, unauthorized use of an automobile, and KRS 527.020, carrying a concealed deadly weapon, with which Appellant was initially charged, provide for the enhancement of an initial misdemeanor charge to a felony offense only if the defendant has been previously "convicted" (as opposed to "convicted or adjudicated") of the same offense or a prior felony, respectively. KRS 527.040, possession of a firearm by a convicted felon, contains similar language. Similarly, most statutes within the Juvenile Code refer to offenders in juvenile court in terms of having been "adjudicated" a juvenile delinquent or public offender, *see* KRS 610.320 and KRS 635.020(3); yet refer to those juveniles who are prior youthful offenders as having

been "convicted" as a youthful offender in circuit court. *See* KRS 635.020(5). We think the legislature's choice of language in the above statutes is consistent with the plain language of KRS 635.040 and is further evidence of the legislative intent to deal with adjudications in a juvenile session of district court differently from convictions of adults (or juveniles tried as adults) in circuit court. Accordingly, it is not entirely true that a juvenile could never be charged with certain firearm and drug offenses that require a prior "conviction" as the Commonwealth contends, as a prior conviction of a juvenile who was previously tried as a youthful offender in circuit court could form the basis for enhancement of those offenses. However, we do not feel that a juvenile's prior adjudications in a juvenile session of district court should be used to enhance offenses that require a prior conviction.

█ The Juvenile Code was enacted with the stated goal of rehabilitating juvenile offenders, when feasible, as opposed to the primarily punitive nature of the adult penal code. *See* KRS 600.010(2)(d) ("[a]ny child brought before the court under KRS Chapters 600 to 645 shall have a right to treatment reasonably calculated to bring about an improvement of his or her condition . . ."); KRS 600.010(2)(f) ("KRS Chapter 640 shall be interpreted to promote public safety and the concept that every child be held accountable for his or her conduct through the use of restitution, reparation, and sanctions, in an effort to rehabilitate delinquent youth"). For this reason, there are no distinctions made between violations, misdemeanors, or felonies for purposes of dispositions in juvenile court. *A.E. v. Commonwealth*, Ky.App., 860 S.W.2d 790, 793 (1993). However, once a juvenile has been transferred to circuit court and ultimately is convicted in that court, those convictions can be used in

any subsequent proceedings against the juvenile to charge him or her as a second offender. Thus the protections afforded juveniles are not absolute. The system is designed so that children who participate in isolated instances of reckless adolescent behavior do not have to spend the rest of their lives saddled with a criminal record. The district court is vested with the discretion to transfer certain offenders to circuit court so that they may be treated as adults. *See* KRS 635.020; KRS 640.010. It is only convictions resulting from these proceedings that can properly be used to form the basis of a subsequent felony charge.

Although Appellant could have been transferred to circuit court even without the felony enhancements of KRS 514.100, KRS 527.020, and KRS 527.040, we remand this case to the Madison District Court so that a new transfer hearing order can be entered delineating on what basis Appellant should be proceeded against as a youthful offender. If Appellant is again transferred to the Madison Circuit Court, the grand jury is not authorized to issue an indictment that relies upon any juvenile adjudication as the basis for any current charge.

For the reasons set forth above, we hereby reverse the judgment of the Madison Circuit Court and remand to the Madison District Court for further proceedings consistent with this opinion.

LAMBERT, C.J.; COOPER, JOHNSTONE, and KELLER, JJ., concur.

GRAVES and WINTERSHEIMER, JJ., concur in result only.