COMMONWEALTH OF KENTUCKY,
Appellant,

v.

Michael Edward SEARS, Appellee.

No. 2004–SC–0738–DG.

Supreme Court of Kentucky.

Nov. 22, 2006.

Gregory D. Stumbo, Attorney General, Robert E. Prather, Criminal Appellate Division, Frankfort, Counsel for Appellant.

Darrell L. Saunders, Corbin, Counsel for Appellee.

Opinion of the Court by Justice WINTERSHEIMER.

This appeal is from an opinion of the Court of Appeals which reversed a conviction of a licensed dentist for allegedly illegally prescribing a controlled substance under KRS 218A.1404. Sears entered a conditional guilty plea and was sentenced to three years, with six months to serve and the remainder probated for three years.

The question presented is whether a licensed dentist has the legal right to prescribe controlled substances for non-patients for non-medical reasons in return

for payment in drugs. Other issues relate to whether KRS 218A.1404 is applicable; whether the indictment is facially valid; whether the trial judge properly overruled the motion to dismiss and whether the Court of Appeals committed error in reversing the decision of the trial judge.

The Court of Appeals reversed the decision of the trial judge and this Court accepted discretionary review.

There is little in the way of evidence in this matter because of the conditional guilty plea. However, the record indicates that Sears, a licensed and practicing dentist, was indicted on six counts of illegally prescribing controlled substances in violation of KRS 218A.1404(3). All six counts of the indictment were similar except for the name of the drug and the name of the person receiving the prescription.

Sears moved to dismiss for failure to state a charge and for lack of jurisdiction prior to trial. The motion was denied. Thereafter, he entered a conditional guilty plea to three counts of illegally prescribing controlled substances. The Commonwealth recommended a sentence of one year on each count to run consecutively with Sears serving only six months in prison with the remainder of the sentence probated for three years. The trial judge accepted this recommendation and entered judgment.

Sears appealed his indictment, arguing that he could not illegally prescribe controlled substances pursuant to KRS 218A.1404(3), because he was a duly licensed and practicing dentist with an appropriate DEA permit. The Court of Appeals found that the indictment did not charge a crime because Sears was authorized by law to prescribe controlled substances. Consequently, he could not be found guilty of illegally prescribing under the statute. The Court of Appeals mentioned that although it is a crime for a dentist to prescribe controlled substances for an illegitimate medical purpose, the Commonwealth did not charge or prove that crime against Sears.

At the hearing on the motion, the prosecution proposed to prove at trial that Sears, without a legitimate medical purpose, wrote prescriptions for Loracet, Oxycontin and Lortab for several of his friends in exchange for receiving half of the drugs himself.

KRS 218A.1404(3) provides that "no person shall dispense, prescribe, distribute, or administer any controlled substance except as authorized by law." Pursuant to § 4 of the statute "unless another specific penalty is provided in this chapter" a person violating the prohibition is guilty of a class D felony for the first offense and a class C felony for a subsequent offense. Sears had no prior record.

KRS 218A.180 is merely a record keeping and prescription format section. Thus, misdemeanor penalties under subsection 9 could not usurp the penalty provisions of KRS 218A.1404(4). That statute provides that unless another penalty is provided in this chapter, any person who violates the provisions of subsection 3 shall be guilty of a Class D felony.

■ A plain reading of KRS 218A.1404(3) clearly states that the crime involved does not except dentists or other licensed medical persons from its purview. The statute reads that "no person shall dispense, prescribe, distribute, or administer any controlled substance except as authorized by law." The Court of Appeals misinterpreted the words "except as authorized by law" to mean "except when done by a licensed medical person." The prescribing of drugs in a manner authorized by law does not relate exclusively to the status of the prescriber but to the manner and purpose of the prescription.

Accordingly, when a dentist writes a prescription for a purpose not related to dental treatment or diagnosis, the act of prescribing is not authorized by law.

The Court of Appeals erred in asserting that Sears should have been prosecuted under KRS 218A.180(3) and therefore would become subject to a misdemeanor charge under Section 9 of that statute as distinguished from a felony charge. The Court of Appeals incorrectly concluded that the trial court did not have jurisdiction of the case. The Court of Appeals interpreted the statute too narrowly as to apply to persons not otherwise licensed to prescribe drugs. Simply having a license to prescribe drugs does not mean that every time a prescription is written for controlled substances it will automatically be considered as lawful. Such a finding is determined by consideration of appropriate evidence. The Commonwealth intended to introduce evidence that this dentist was intentionally using his license to get controlled drugs into the hands of others and to receive some kind of payment in drugs for his own personal use. Such conduct cannot be considered to come within the meaning of the term "authorized by law." When a prescription is written by a dentist for purposes not related to dental treatment or diagnosis and is intended to realize some kind of personal benefit for the person prescribing, such behavior is not authorized by law.

■ The first principle of statutory construction is to use the plain meaning of the words used in the statute. *See Revenue Cabinet v. O'Daniel,* 153 S.W.3d 815 (Ky. 2005). It is abundantly clear that the legislature proscribed illegal prescribing of controlled substances by any person, not any person except dentists. It exempted, as not illegal, those instances that are authorized by law. There is no law that authorizes a dentist to prescribe controlled substances to a non-patient for the purpose of receiving illicit drugs from such non-patients.

■ Any argument that a later inactive penalty statute controls rather than the penalty set out in KRS 218A.1404 is without merit. The clear language of the statute immunizes a licensed practitioner from violation only. The obligation of the Court is to construe the statutes so as to effectuate the plain meaning and unambiguous intent expressed by the law. *See Phelps v. Commonwealth,* 125 S.W.3d 237 (Ky.2004). This interpretation does not deviate from the plain and unambiguous intent of the legislature.

The contention that the charge should have been that of a Class A misdemeanor is equally specious. The obvious purpose of the statute is to prohibit illegally allowing drugs to get into the possession of those seeking them for an unlawful purpose. The grand jury properly indicted Sears for the felonious acts he was conducting.

■ The indictment is valid on its face and conforms to the requirements of RCr 6.10. There is nothing defective or facially invalid about the indictment here. The trial judge properly rejected an attempt by Sears to summarily defeat a valid indictment. *Commonwealth v. Hamilton,* 905 S.W.2d 83 (Ky.App.1995), states that "the law in Kentucky concerning the dismissal of an indictment is clear. The rule is that there is no authority for the use of summary judgment procedure in a criminal prosecution. . . ." The indictment is regular on its face and contains a plain, concise and definite statement of the essential facts which comprise the offenses which are charged. Sears knew exactly what he would have to defend against in this criminal prosecution. He was given notice by the indictment itself, and the trial judge

ordered full disclosure of the prosecution case against Sears. He also had an opportunity to seek clarification of the indictment further by moving for a bill of particulars but rather chose to move to dismiss. *Cf. generally Commonwealth v. Welch,* 243 S.W.2d 909 (Ky.1951).

It is the holding of this Court that a licensed dentist with a required DEA permit does not have the lawful authority to prescribe controlled substances to non-patients for non-medical reasons in return for payment in the form of the illicit drugs. KRS 218A.1404 is applicable and the indictment is valid.

The decision of the Court of Appeals is reversed and the conviction and sentence rendered by the trial judge is affirmed and reinstated. The trial judge was correct in overruling the motion to dismiss the indictment.

ROACH, SCOTT and MINTON, JJ., concur.

LAMBERT, C.J., dissents by separate opinion and GRAVES and McANULTY, JJ., join.

LAMBERT, Chief Justice, dissenting.

Appellee, Michael Sears, is a duly licensed dental practitioner. Sears was charged with six counts of illegally prescribing controlled substances, a felony under KRS 218A.1404(3). The Commonwealth alleged that Sears prescribed controlled substances for persons who were not his patients in return for their agreement to share the substances with him.

After Sears' motion to dismiss the indictment was denied, an agreement was made with the Commonwealth whereby three of the charges were dismissed and he entered a conditional guilty plea to the three remaining charges. The trial court sentenced Sears to one year on each count to run consecutively for a total of three

years, with incarceration probated. The Court of Appeals reversed Sears' convictions.

The indictment charged Sears with the felony of illegally prescribing a controlled substance in violation of KRS 218A.1404(3). This statute provides:

No person shall dispense, prescribe, distribute, or administer any controlled substance except as authorized by law.

However, subsection (4) of KRS 218A.1404 provides in pertinent part:

Unless another specific penalty is provided in this chapter, any person who violates the provisions of subsection ... (3) of this section shall be guilty of a Class D felony for the first offense and a Class C felony for subsequent offenses[.]

Sears contends that as he is a licensed dental practitioner and is thereby authorized by law to dispense, prescribe, distribute or administer controlled substances, he cannot be guilty of violating the statute under which he was charged because KRS 218A.1404(4) mandates that another statutory provision be applied to his conduct. Rather, Sears insists that KRS 218A.170(3)(a) and KRS 218A.180(3)(a) are controlling. If this is so, by the mandate of KRS 218A.1404(4), we must apply the other statutory provisions.

Analyzing Sears' claim, it appears that pursuant to KRS 218A.170(3)(a), a practitioner may prescribe a controlled substance "only for a legitimate medical purpose and in the course of professional practice." It is undisputed that Sears is a practitioner authorized to prescribe, etc., but from the evidence it is equally clear that his prescribing in this case was not for a legitimate medical purpose and in the course of his professional practice. Thus, it would appear that KRS 218A.170(3)(a) is applicable. The next section, KRS 218A.180(3)(a), appears to pre-

cisely cover Sears' conduct. This statute conditions the validity of the prescription of a controlled substance on whether it is "for a legitimate medical purpose by a practitioner acting in the usual course of his professional practice." Manifestly, Sears' conduct was not for a legitimate medical purpose nor was it in the usual course of his professional medical practice, but he was indeed a practitioner. The conclusion is inescapable. Sears violated KRS 218A.180(3).

As required by KRS 218.1404(4), where there is "another specific penalty" it must be applied. The penalty for violating KRS 218A.180(3) is found in KRS 218A.180(9). A first offense under this section is a Class A misdemeanor. As it is undisputed that this was Sears' first offense, his offense was a misdemeanor.

In another circumstance, where two statutes apply, this Court might have the option of concluding that either are applicable and affirm a judgment whereby a party is convicted of one or the other. But that is not the case here. The reason is that KRS 218A.1404(4) tells us that subsection (3) may be used only if no other "specific penalty is provided in this chapter." As another specific penalty is provided in this chapter, i.e., KRS 218A.180(9), it must be applied or KRS 218A.1404(4) is rendered meaningless.

Accordingly, I dissent.

GRAVES and McANULTY, JJ., join this dissenting opinion.